UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | l | |
| Plaintiff, | l | |
| v. | l | No. 18 CR 157-4 |
| | l | Honorable John Z. Lee |
| DEON PUGH | l | Honorable Maria G. Valdez |
| Defendant | l | |

**SUPPLEMENTAL PETITION SEEKING PRETRIAL RELEASE**

Deon Pugh, defendant herein, through his attorney, Carl P. Clavelli, respectfully submits the following request for pretrial release pursuant to 18 U.S.C. §3142, and states as follows:

1. Deon Pugh was arrested on March 14, 2018, pursuant to an arrest warrant issued with the filing of a Complaint. An initial release hearing was held before this Court on March 18, 2018, pursuant to an oral motion for pretrial release supported by a recommendation from Pretrial Services, the defendant's parents' home with substantial equity of about $200,000, close family ties to this community and this residence where two of the defendant's children reside full time. This Court issued its order of April 17, 2018, denying pretrial release. D.E. 159. On August 3, 2018, Pugh filed his written Petition seeking pretrial release with supporting Exhibits including the transcript of the hearing before this Court on March 18, 2018. D.E. 277. A transfer Order was entered on August 17, 2018, returning the issue of pretrial release back to this Court for its additional comments. D.E. 294. This Supplemental Petition adopts the averments contained within the written Petition, and seeks a hearing.


2.  The written Petition contains matter not fully developed in the initial hearing which may be sufficient to cause this Court to amend or modify its initial decision.

3.  At the hearing of March 18, 2018, the presence of a firearm at the residence Mr. Pugh shared with his wife and family became a focal point of those proceedings. See Transcript attached as Exhibit A to the written Petition. After he was placed into custody pursuant to the arrest warrant, agents asked if there were any weapons in the residence and were told that there was a handgun in the adults' bedroom. We submit that this handgun was not related to the criminal conduct charged in the Complaint and, later, in the Indictment. Were there to be a sentencing for drug-related offenses this weapon would not cause there to be an enhancement of the Guideline level as its presence was not in conjunction with any drug-related activity including simple possession. A later search of the premises did not result in the location of any drug-related contraband. The enhancement found in U.S.S.G. §2D1.1(b)(1) is intended to "reflect the increased danger of violence when drug-traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." An example found in this Commentary reflects the identical situation as here. USSG, §2D1.1, Commentary, application Note 11(A). This Commentary recognizes that a defendant and the members of his family who reside together have a Constitutional right to bear arms for their own protection owing to their status as citizens.

4.  The Complaint contains a February 7, 2018, intercepted conversation pertinent to Pugh's alleged gun possession. Complaint, ¶128. Pugh tells a codefendant

that he does need a gun because he is "naked." He even clarifies the fact he only needs it for protection against being robbed; he just needs to have "something around." Id.. The following day Pugh is informed that the codefendant has a gun for him and Pugh tells him to bring it to his home. Id. at ¶ 130.

    5.  Not only is there no evidence that Pugh ever possessed a handgun in public, the earlier conversation provides a window into the soul of this defendant painting a much clearer picture of his non-violent nature than any predetermined words could ever equal. When the codefendant indicates that he has several handguns, Pugh asked why he needed them; the codefendant responded that he was in two recent shootouts and felt the guns were needed for protection to which Pugh responded: "Nah, we don't need to kill nobody. Ain't nobody worth killing, bro. Ain't nothing out here to kill nobody for. . . . I got something for you to hustle [narcotics to sell] but I don't got nothing for you to take [rob]."  Complaint, ¶128. This conversation is substantial proof that Mr. Pugh's pretrial release would not endanger any other member of his community and has direct bearing on the principal basis this Court had previously found to require his detention. Cf. Order of Detention Pending Trial, at p. 1; D.E. 159..

    6. In his Petition, Pugh stressed his long felt concern for community safety and noted his willingness to put his own safety in jeopardy to quell gun violence. Petition at ¶¶ 5, 6; Exhibits C, D

    7. The balance of the Petition stresses this defendant's strong family ties to his community and his current plans for working and living with his family pending the outcome of any trial.

8. While the offenses charges are serious, there is no danger of this defendant not appearing in Court as Ordered. He is a good candidate for pretrial release and there is no basis to believe he would ever become a flight risk and cause the loss of the family dwelling so critical to the well-being of his loved ones.

WHEREFORE, for the above and foregoing reasons and those contained within his pending Petition, Deon Pugh, defendant herein, moves for the entry of an appropriate Order granting pretrial release .

Respectfully submitted,

/S/ Carl P. Clavelli
Carl P. Clavelli
1420 Renaissance Dr., Suite 213
Park Ridge, IL  60068
Attorney for Deon Pugh
(312) 953-8165