UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | |
| v. | No. 18 CR 157-4 |
| | Honorable John Z. Lee |
| DEON PUGH | |
| Defendant | |

**DEFENDANT'S MOTION TO DISMISS § 851 INFORMATION**

Deon Pugh, defendant herein, through his attorney, Carl P. Clavelli, respectfully moves to dismiss the Information to Increase Punishment in accordance with the terms of 21 USC § 851(a), and states as follows:

1. On August 9, 2018, the prosecution filed its Information Stating Previous Drug Conviction To Be Relied Upon in Seeking Increased Punishment relying upon 21 USC § 851(a). The Information cites drug convictions made final on January 6, 1998, and May 12, 1998, in the Circuit Court of Cook County, Illinois, as the qualifying prior convictions. The Information further alleges that Pugh received concurrent sentences of five years imprisonment on May 12, 1998.

2. Stated more fully, according to the relevant dockets and judgments for these two convictions, attached hereto as Exhibit A, the earlier conviction was for the possession with intent to deliver not less than one gram nor more that 15 grams of cocaine on October 28, 1997, classified as a felony under 720 ILCS ¶ 570/ 401(c)(2), while the second conviction resulting in a violation of the earlier sentence of probation was for the possession with intent to deliver not

less than one nor more that 15 grams of heroin on March 26, 1998, in violation of 720 ILCS ¶ 570/ 401(c)(1). Each are classified as Class 1 felonies.

    3. On May 12, 1998 Pugh received concurrent sentences of five years imprisonment in the Illinois Department of Corrections, IDOC. Cf. Exhibit A. Illinois law provided that Pugh would receive one day of credit for each day he was incarcerated. 730 ILCS ¶ 5/3-6-3 (IDOC); 730 ILCS ¶ 130/3 (County). Under Illinois law, a Class 1 felony may be to probation; otherwise it is subject to a determinate period of incarceration "of not less than 4 years and not more than 15 years." 730 ILCS ¶ 5/5-4.5-30.

    4. Pugh began his sentence in the so-called "boot camp" program authorized by Illinois' Impact Incarceration Statute and was placed into IDOC. 730 ILCS ¶ 5/5-8-1.1; Cf. Exhibit A. Having failed to abide by the terms and conditions of that program by his "fail[ure] to return from work and day release" within the time prescribed, Pugh was charged with Escape in violation of 720 ILCS ¶ 5/31-6, a Class 3 felony. Exhibit B. As shown, Pugh absented himself on April 26, 1999, after which he was not permitted to return to the program; a warrant was issued and executed on April 4, 2000. He plead to the charge on April 6, 2000, and received a sentence of two years not made concurrent with the prior sentences of five years incarceration.

    5. By statute, the two year sentence was to be treated by IDOC as a consecutive sentence as Pugh was "in the custody of the Department of Corrections at the time of the commission of the offense." 730 ILCS ¶ 5/5-8-4(d)(6). IDOC is instructed "to treat the defendant as though he had been committed for a single term. 730 ILCS ¶ 5/5-8-4(g). When returned to IDOC, Pugh would have completed his five year sentence and then commenced the sentence for his "escape."

6. According to the pertinent Illinois statutes in effect at the relevant times of these two prior convictions "[a] sentence of imprisonment shall commence on the date on which the offender is received by the Department;" credit is permitted for days spent in custody on the charge of conviction. 730 ILCS ¶ 5/5-4.5-100. Pugh was given 6 days credit for the offense of escape. Since he was entitled to day for day credit, the two year sentence for escape should have terminated after the service of one year less six days.

7. As shown in the Pretrial Services Report, a review of the IDOC history indicated that Pugh was "Released to parole" on April 15, 2003. Mathematically then, Pugh must have commenced the sentence for the escape 359 days earlier or April 21, 2002. Perforce, the two drug sentences were served in full no later than April 20, 2002.

8. The First Step Act became law on December 21, 2018. Its provisions ameliorated the formerly broad inclusion of any drug felony as meriting an increase in the mandatory minimum punishment called for by 21 U.S.C. § 841. In section 401 of the Act the statutory increase to apply only when the prior felony conviction for drugs is a "serious drug felony;" in the least, to be considered a serious drug felony, the state statute must allow punishment of ten years or more. Another new requirement limits the prior felonies to those in which the sentence was at least one year the service of which ended within fifteen years of the instant offense. According to the Indictment, the most expansive of the three charges against Push is the conspiracy found in Count One claiming its existence as early as September, 2017. In order to be within fifteen years, the five year sentence had to continue beyond September, 2002. As shown above, the escape sentence began on April 21, 2002, after the termination of the drug

3

sentence. These drug felonies cannot support an enhancement as they are outside the relevant period.

WHEREFORE, the Information filed pursuant to 21 U.S.C. § 851 is insufficient at law and must be dismissed.

Respectfully submitted,

/S/ Carl P. Clavelli
Carl P. Clavelli
1420 Renaissance Dr., Suite 213
Park Ridge, IL 60068
Attorney for Deon Pugh
(312) 953-8165

CERTIFICATE OF SERVICE

I hereby certify that I filed and served the foregoing Motion To Dismiss on opposing counsel using the Court's CM/ECF electronic filing system.

S/ *Carl P. Clavelli*
Carl P. Clavelli