UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | \| |
| Plaintiff, | \| |
| v. | \| No. 18 CR 157-4 |
| | \| Honorable John Z. Lee |
| DEON PUGH | \| |
| Defendant | \| |

**PROPOSED DEFENSE JURY INSTRUCTION AND SURREPLY
OPPOSING SANTIAGO PROFFER**

Defendant Deon Pugh, by and through his counsel, Carl P. Clavelli hereby submits the following proposed jury instruction in support of his Surreply Opposing the sufficiency of the Santiago Proffer:

**Argument**

The defense instruction which follows requires a jury to differentiate between conspiratorial liability pursuant to the *Pinkerton* line of cases, from which a jury may determine the scope of a conspiracy to distribute controlled substances, and the determination of drug type and quantity under the Guideline system which is universally accepted to be a narrower inquiry and one that must be individualized. The result would, in cases such as the Mason Indictment at bar, reduce the amount of a controlled substance attributed to an individual defendant that was arguably distributed as part of the conspiracy but found not to be a "jointly undertaken criminal activity." U.S.S.G. § 1B1.3 (2018). The potential evidence gleaned from the Complaint,

*1*

discovery of Title III intercepted conversations disclosed to the defense and the Government's Santiago proffer reveals that much of Mason's alleged drug distribution activity was either part of an unrelated conspiracy with a named defendant acting as a middleman with a named purchaser or simply an accumulation of buys and sells of unknown origin and not part of the agreement to which Pugh attached himself as he neither knew of, or benefitted from Mason's various drug activities.

     Pugh filed a Response to the Santiago proffer which *inter alia* set out the narrow time frame during which he and Mason had some relationship concerning drug distribution including a clear-cut buyer-seller relationship during November, 2017. D.E. 568. Even under the *Pinkerton* regime, Pugh would not be held liable for Mason's drug sales beyond his knowledge that were not reasonably foreseeable or were not made during the period of his membership in the conspiracy shown by the evidence at trial. *United States v. Cruse*, 805 F.3d 795, 817 (7th Cir. 2015)( citing, *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946)). However, as argued there, at sentencing a Court will assess relevant conduct under the Guidelines' regimen; various courts and arguably the Seventh Circuit recognize that the inquiry during a trial, when appropriate, must dovetail and be consistent with that more narrow procedure. The Government seems to acknowledge this in its Reply. D.E. 579 at 10-11. But then goes on to dismiss the entire defense argument as "meritless" and "two separate and distinct analyses." Id. Also, while admitting the presence of evidence from a pole camera the Government fails to

address the assertion that there is no footage establishing the presence of Twyman and Pugh at Mason's residence at the same time. Id at 3, 4, 9 at N. 8, compare with Pugh's Response at 15.

When the Government blithely dismisses half of Pugh's argument without citation to authority as concerning only sentencing issues, it totally misconstrues its own Indictment and the charge in Count One. Pugh presented a realistic view of the evidence and certainly admits that there is evidence of his guilt found in the Santiago proffer. D.E. 541. It is certainly relevant to his guilt however, to argue against the admissibility of evidence, such as to the fentanyl deal of December 6, 2017, when more than a dozen conversations between Pugh and Mason during that relevant period never concern such a transaction. The Government has not alleged any evidentiary support beyond membership in a conspiracy to hold Pugh individually responsible for this distribution of fentanyl, though it is part of the enhanced conspiracy found in Count One. Pugh reasoned that their should be some evidence linking this transaction to him before the hearsay exception would allow evidence of others' involvement in this fentanyl purchase to be admitted against him. Pugh Response at 13-17, 25.

Since at least the decision in *Alleyne v. United States*, 570 U.S. 99 (2013), allegations of a mixture containing at least 400 grams of fentanyl and also over a kilo of heroin as found in Count One pursuant to § 841(b)(1)(A) must be established at trial by proof beyond a reasonable doubt as the type of drug and quantity are <u>elements</u> of the

charged conspiracy and must be supported buy proof beyond a reasonable doubt. See, e.g., *United States v. Fincher*, 929 F.3d 501, 503 (7th Cir. 2019). By adding these enhancements to the conspiracy charge the only rational approach is the same one that a judge would make albeit under the lesser standard of a preponderance, the narrower scope provided by a relevant conduct analysis. See, e.g., *United States v. Davison*, 761 F.3d 683, 685-86 (7th Cir. 2014); Pugh's Response at 19-21. Were the relevant conduct standard not applicable to determine the scope of hearsay evidence admissible and not available to a properly instructed jury, a defendant could be held responsible for a distribution of a drug type (fentanyl) and a quantity for which he cannot otherwise be held liable in his individual capacity because the drugs were not part of a jointly undertaken criminal activity which was reasonably foreseeable to him. Allowing such hearsay evidence here, and under those circumstances outlined in the limited case law found in the prosecutions' submissions would deprive Pugh of his Fifth and Sixth Amendment rights to due process and a fair trial.

    A recent decision from the D.C. Circuit, *United States v. Stoddard*, 892 F.3d 1203 (D.C. Cir. 2018), provides background and insight to the changes in the law since the decision in *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978). In *Stoddard*, two defendants were sentenced to the mandatory minimum sentence attributed to the distribution of at least 100 grams of a mixture containing heroin. The argued that the issue of their individual responsibility for their distribution of heroin should have been

submitted to the jury and not just the quantity distributed by the conspiracy as a whole. *United States v. Stoddard*, supra, 892 F.3d at 1218-19. This is the very position staked out here by the prosecution and rejected in *Stoddard*. The Court recognized that the circuits were split on this issue but noted that the split had begun to dissipate since the *Alleyne* decision. Id. at 1220. The Seventh Circuit decision cited, *United States v. Knight*, 342 F.3d 697, 710 (7th Cir. 2003), specifically relied upon the rationale from *Edwards v. United States*, 523 U.S. 511 (1998) which is no longer viable after *Alleyne*. Indeed, the Seventh circuit has already recognized that membership in a charged and proven conspiracy does not expose each coconspirator to a § 841(b) enhancement. See, *United States v. Walker*, 721 F.3d 828, 833-36 (7th Cir. 2013), *vacated on other grounds*, 572 U.S. 1111 (2014), affirmed on remand, *United States v. Lawler*, 818 F.3d 281 (7th Cir. 2016); Pugh's Response at 22-23.

    Though decided in a different era, the purpose of the inquiry outlined in *United States v. Santiago*, supra, was to eliminate the prejudice to a defendant from the conditional admission of hearsay evidence until such time as the evidence established a defendant's membership in a conspiracy. Now that individualized findings in drug conspiracies due to the unique formulation of § 841 by Congress are required in lieu of the conspiracy-wide approach, the *Santiago* inquiry must be adjusted to include only drugs distributed by means of a "jointly undertaken criminal activity." Cf. *Burrage v. United States*, 571 U.S. 204, 208-10 (2014). This Court is guided by the decision in *United States v. Soto-Piedra*, 525

F.3d 527, 531 (7th Cir. 2008), which held that a defendant is personally responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." Cf. Pugh Response at 17-18. This standard has been recognized to be decisively more narrow than the prior *Pinkerton* standard which engulfed the entire conspiracy and was not limited to joint undertakings.

Unfortunately, the Seventh Circuit Pattern Jury Instructions were promulgated in 2012, before the decision in *Alleyne* and do not advise the jury that a defendant is only responsible for jointly undertaken criminal activity. The proffered instruction attached hereto supplements the Pattern Instruction found at 5.11 to include the requirement that the co-conspirators criminal activity must be reasonably foreseeable and part of a joint undertaking in order to be added to the individualized drug determination. As held in *United States v. Salem*, 597 F.3d 877, 885 (7th Cir. 2010), "the mere foreseeability of another's conduct is not sufficient to bring that conduct within the scope of a defendant's jointly undertaken criminal activity." See also, *United States v. Patton*, 927 F.3d 1087, 1094 (7th Cir. 2019); *United States v. Torres*, 869 F.3d 1089, 1105, 1107 (9th Cir. 2017)(A jury must be informed to consider only "conduct in furtherance of the jointly undertaken criminal activity," "the same standard [] applied when sentencing for a conspiracy under § 841(b) as under the Guidelines."). Cf. Pugh Response at 20-23.

To hold otherwise would lead to untenable results and deprive a defendant of due process and a fair trial. Even though any fact which increases a defendant's exposure to

a greater sentence must be submitted to a jury, a judge at sentencing remains mandated to perform a relevant conduct review of a convicted defendant's criminal activities utilizing the standard of a preponderance and may, in doing so, increase the quantity of drugs attributable to an individual defendant over and above that found in a jury's special verdict. See, e.g., *United States v. Sanders*, 826 F.3d 363, 373-75 (7th Cir. 2016). However, if while employing the narrower approach a sentencing judge concluded that a defendant's jointly undertaken activities did not include a type charged or the quantity found in the verdict of the jury, and did not vacate that unsupported jury finding, a defendant would receive a sentence greater than his conduct warranted. In order to avoid a factual disagreement with the findings of a jury, then, that jury must be properly instructed to hold a defendant individually responsible only for controlled substances distributed by means of a jointly undertaken criminal activity. To this end, the defendant Pugh proffers the attached defense instruction to augment the Pattern Instructions to be consistent with the teachings of the Seventh Circuit as stated herein.

    As argued in his Response to the *Santiago* proffer, Pugh and Mason were not partners and were never on the same side of a drug purchase splitting the proceeds from subsequent sales. Pugh was not involved in any manner with the December 6, 2017, purchase of a mixture containing 400 grams of fentanyl, or the sales to CS 1, 'Poo', Nemo, Tow Truck or Mason's many other drug customers and sources known to only to him. See, Pugh Response at 4, 12-14. Pugh also acknowledged five-fifty gram purchases

from Mason all to the same customer who's identity was not disclosed to Mason who did not sell the heroin to Pugh on consignment and who had no financial interest in the consummation of the sales. Id. at 16, 25-27; see also, *United States v. Cruse*, 805 F.3d 795, 811-16 (7th Cir. 2015). Permitting evidence of drug transactions for which Pugh had no participation would be a legal error requiring a reversal of any subsequent verdict.

Respectfully submitted,

*S// Carl P. Clavelli*
Carl P. Clavelli
1420 Renaissance Drive, Suite 213
Park Ridge IL 60068
(312) 953-8165
Attorney for Deon Pugh

CERTIFICATE OF SERVICE

I hereby certify that I filed and served the foregoing Proposed Defense Jury Instruction on opposing counsel using the Court's CM/ECF electronic filing system.

S/ *Carl P. Clavelli*
Carl P. Clavelli

**Special Verdict Form**

During this stage of your deliberations you will be called upon to determine the quantity and type of controlled substance each defendant already determined to be a member of the conspiracy charged in Count One is to be held accountable for as part of his agreement to join the proven conspiracy.

You should include as part of the quantity and type of controlled substances only those amounts shown beyond a reasonable doubt to have been distributed during and as part of the proven conspiracy and which are also attributable to a jointly undertaken criminal activity or plan undertaken by that defendant; all reasonably foreseeable acts of others that are in furtherance of the jointly undertaken criminal activity should be included.

U.S.S.G. § 1B1.3
*United States v. Davison*, 761 F.3d 683, 685-86 (7th Cir. 2014)
*United States v. Torres*, 869 F.3d 1089, 1105 (9th Cir. 2017)
*United States v. Walker*, 721 F.3d 828, 833-36 (7th Cir. 2013), *vacated on other grounds*, 572 U.S. 1111 (2014), affirmed on remand, *United States v. Lawler*, 818 F.3d 281 (7th Cir. 2016);
*United States v. Patton*, 927 F.3d 1087, 1091 (10th Cir. 2019)
*United States v. Torres*, 869 F.3d 1089, 1105 (9th Cir. 2017).