UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | I | |
| Plaintiff, | I | |
| v. | I | No. 18 CR 157-4 |
| | I | Honorable  John Z. Lee |
| DEON PUGH | I | |
| Defendant | I | |

**PUGH'S MOTION FOR FAVORABLE EVIDENCE**

Deon Pugh, defendant herein, through his attorney, Carl P. Clavelli, pursuant to

the Fifth and Sixth Amendments to the Constitution of the United States, respectfully

moves this Honorable Court to require the Government to disclose immediately any

previously undisclosed evidence or information known to the Government and its

agents or in its possession and control, the existence of which is known or by the

exercise of reasonable diligence may become known, that is favorable to the defendant

and is material to the issues of Defendant's guilt, innocence or sentencing, or which

bears upon the credibility of a Government witness.

The seminal principles permitting this request for favorable evidence were first

established in *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405

U.S. 150, 154 (1972), and their progeny. These basic principles are firmly established

in our jurisprudence and must be adhered to if these proceedings are to comport with

principles of due process. These following requests are supported by strong policy

considerations to instill integrity and fairness in all criminal prosecutions. Such material

is considered to be favorable to a defendant even if only useful as potentially

impeaching information. *United States v. Bagley*, 473 U.S. 667 (1986).

Compliance with these principles is always a burden prosecutors must bear as they are in the best position to uncover favorable information during the process of preparing its witnesses' testimonies and through its agents' investigative activities. However, whenever possible, a defendant should make the requests as specific as possible to aid the prosecution and promote the quest for truth and justice. *Agurs v. United States*, 427 U.S. 97 (1976). Until the filing of the Government's Motion in Limine one month ago, the only non-law enforcement witness known to the defense at this juncture was Derrick Wiltz. G. Motion In Limine, D.E. 693. Now it appears an individual still known to the defense only as CS-1 and first revealed in the Complaint, may have been added as a potential witness. Pugh's Response to G.Limine, at pp 3-4; D.E. 568. Surely this revelation will lead to a new round of discovery to provide the informant's file including the nature of any written contract between the informant and the Government. Id. But the defense must rely upon the prosecution to assess other information within its knowledge to determine whether it may be said to be potentially favorable. For example, information as to personal and criminal backgrounds of any cooperating witness, both known and unknown to the defense, along with any agreements forged with Government personnel would be or could lead to the discovery of favorable evidence. Presently, discovery is limited to a few surveillance reports using only his CHS designation. The Government's review of its information must be expansive as a defendant is entitled to favorable evidence even as to a non-testifying confidential informant's hearsay statements when offered for their truth or, as in this case, to a testifying confidential informant pursuant to the rules of evidence, including Rule 806,

F.Rules Cr.P.. See, e.g., 937 F.2d 327-29 (7th Cir. 1991; *United States v. Lewis*, at p.

5, 2008 WL 5083131 (N.D.IL November 25, 2008) Kendall, Judge. The reach of Rule

806 would include statements attributed to Paris OBryant as a relevant example and

would permit the introduction of relevant evidence such as his unlawful possession of

an assault rifle at the apartment he shared with others.

As the defense is not entitled to a witness list, the Government should be

prepared to identify and provide to the defense any communication of an informed

witness concerning this investigation that did not mention the Defendant Pugh or is

inconsistent with any statement by any other potential witness or other evidence

inconsistent with the single over-arching conspiracy charged here. In fact, the names

and known particulars of those who were investigated during the course of the

Government's pursuit of these charges, along with the information developed therein,

should be revealed. While the Government has provided raw material related to the

presence of a pole camera focused upon Mason's residence, identified in the

Complaint as the location from where Mason "runs a drug trafficking organization,"

agents' efforts to identify the names and dates those persons arrived and left those

premises, along with any other information developed would qualify as favorable

evidence. Complaint, ¶ 6; see also, e.g., Santiago Proffer, at p. 16. As this is a

conspiracy and the Defendant Pugh has argued that five of his known purchases from

Mason were not conspiratorial activities, other purchases of controlled substances by

others who were not found to be conspirators is relevant and material, and may qualify

as favorable evidence. Pugh's Response Opposing Santiago Proffer, D.E. .

*3*

Additionally, due process would support a Bill of Particulars identifying persons entering Mason's residence, identified as the hub of the Mason conspiratorial organization but whom were found not to be conspirators in the alleged drug trafficking organization. F.R.Cr.P. Rule 7. To date, the Government has not provided any material relating to any follow-up investigation of the pole camera videos. For further example, Pugh has indicated that he and Twyman were never together at Mason's residence in that they had never met until after these charges were brought; yet, Wiltz claims to having seen them together packaging narcotics at Mason's residence. Compare, Santiago Proffer at p. 23, with Pugh's Response in Opposition at pp. 14-15. In Wiltz' case, favorable evidence would include medical or arrest records of any physical injury, organic brain damage or psychiatric condition that bear upon his ability to remember, his criminal background or his motive to testify.

Further, in its Santiago proffer, the Government relates sales attributed to Mason with several others identified by nicknames ('the supplier', Poo, Nemo, 'Tow Truck Man'). Santiago Proffer, at pp. 19-21; Pugh's Response Opposition, at p. 12. Earlier in its Complaint, the Government describes the activities of CS1. Complaint, at pp. 5-6. Whether any of these individuals were interviewed is unknown to the Defendant Pugh. It is submitted, however, that the drug activities described in the Government's Complaint or Proffer are not attributable to any activity joined by the Defendant Pugh and information pertaining to CS-1 or derived from these individuals may constitute favorable evidence. Details related to these persons' drug activities, and any promises pertaining to their prosecutions were extended to such persons who may be related to

the investigation of either Mason or Pugh. Lastly, the mere fact that none of these individuals knows the Defendant Pugh would itself qualify as favorable evidence given the very definition of the sentencing principle known as "relevant conduct". Under that formulation, defendants are not held to be accountable for the drug activities of others unless it was "both '(i) in furtherance of the jointly undertaken criminal activity; *and* (ii) reasonably foreseeable in connection with that criminal activity.' U.S.S.G. § 1B1.3." *United States v. Torres*, 869 F.3d 1089, 1105 (9th Cir. 2017). Emphasis in Original.

WHEREFORE, for the above and foregoing reasons, Deon Pugh, Defendant herein, moves for the entry of an appropriate Order directing the immediate furnishing of favorable evidence to the defense as requested.

Respectfully submitted,


/S/ Carl P. Clavelli
Carl P. Clavelli
1420 Renaissance Dr., Suite 213
Park Ridge, IL  60068
Attorney for Deon Pugh
(312) 953-8165



CERTIFICATE OF SERVICE

I hereby certify that I filed and served the foregoing Motion for Favorable Evidence upon all counsel who have appeared in this case and who use the Court's CM/ECF electronic filing system.


S/ *Carl P. Clavelli*
Carl P. Clavelli