UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | | |
|---|---|---|
| Plaintiff, | | |
| v. | | No. 18 CR 157-4 |
| | | Honorable John Z. Lee |
| DEON PUGH | | |
| Defendant | | |

**PUGH'S PETITION FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM**

Deon Pugh, defendant herein, through his attorney, Carl P. Clavelli, respectfully submits the following request for the production of a trial witness, Kenneth Twyman, who is presently incarcerated in a federal institution, and states as follows:

1. Deon Pugh and Kenneth Twyman are both named as defendants and coconspirators in the above-captioned Indictment. The conspiratorial events alleged in this Indictment revolve around the sales of controlled substances – namely heroin and fentanyl, by the lead defendant, Jonathon Mason. Kenneth Twyman is a necessary witness to the conspiracy charged in Count One, the only offense charged in this Indictment exposing Pugh to a mandatory minimum sentence of ten years.

2. Heretofore, only Twyman, charged in Count Five with having purchased over 400 grams of a mixture containing fentanyl, has been subjected to a mandatory minimum sentence of ten years. Further, only Twyman is identified as having been involved in the purchase of the fentanyl seized on December 6, 2017, that subjected him to the ten year mandatory term. No defendant, including Twyman, has ever admitted having engaged in conspiratorial activities with Mason subjecting them to such quantities of heroin or fentanyl to incur the statutory mandatory punishment of ten years.

3. In his Response opposing the prosecution's Santiago proffer, Pugh has admitted to five separate purchases of 50 grams of heroin from Mason during the period of November 3, 2017 to December 1, 2017, while denying those "common elements" that typically demonstrate the type of "common agreement" that identifies co-conspiratorial activities. Pugh Response Opposing Santiago Proffer, hereafter 'Response', at pp. 2-5, 16-17; D.E. 568. The wiretap evidence describes the conversations between Mason and Pugh relating to these five purchases from Mason and also indicate that each of the five sales was earmarked for a single customer of Pugh and that Mason's role was merely as the supplier of the heroin to Pugh, a classic buyer-seller arrangement. Response at pp. 25-26.

4. The Santiago Proffer indicates that a single witness, Derrick Wiltz, has entered into an Agreement with the prosecution as stated within the Proffer which contains certain statements attributed to Wiltz that he is allegedly prepared to present at a trial. Proffer, at pp. 3-4, 16, 19. Wiltz' alleged observations cannot be established by extrinsic evidence and are subject to a finding that he is a reliable and credible witness to the alleged incriminating events. Chief among these is that Pugh along with the aforesaid Kenneth Twyman assisted Mason in preparing his heroin for sale. The prosecution has proffered that Wiltz will state that he recalls a specific but unspecified occasion when Twyman and Pugh were at Mason's residence together performing activities related to his drug sales. Proffer at p. 23.

5. Having received information that Pugh had never met Twyman until after their arrests in this matter, counsel sought to verify this significant claim. On February 24, 2020, before the pandemic caused the alteration of the Court's usual procedures, counsel sent a letter to the now-convicted and sentenced codefendant, Twyman, seeking to verify this

information. On or about March 4, 2020, counsel received a collect-call from Kenneth Twyman who was incarcerated at the federal penal institution in Milan, Michigan. In this call, Twyman confirmed that he had never met Pugh until after their arrests. Pugh submits that Twyman is a necessary witness for Pugh's defense to the allegations of Count One of the Indictment. This conversation is recorded according to the policies of the BOP and available to the prosecution; therefore, its production is hereby requested as is the presence of Twyman at the trial of this cause.

WHEREFORE, for the above and foregoing reasons, Deon Pugh, Defendant and Petitioner herein, moves for the entry of an appropriate Order directing the issuance of a Writ of Habeas Corpus ad Testificandum to the appropriate federal officials to secure the presence of Kenneth Twyman at the trial of Deon Pugh where he would be called as a defense witness, and for production of the aforesaid telephone conversation.

Respectfully submitted,

/S/ Carl P. Clavelli
Carl P. Clavelli
1420 Renaissance Dr., Suite 213
Park Ridge, IL 60068
Attorney for Deon Pugh
(312) 953-8165

## CERTIFICATE OF SERVICE

I hereby certify that I filed and served the foregoing Response to the Consolidated Motion in Limine upon all counsel who have appeared in this case and who use the Court's CM/ECF electronic filing system.

S/ *Carl P. Clavelli*
Carl P. Clavelli